**Juan SUAREZ-SEJA, Appellant,**

v.

**Herman R. LANDON, District Director of Immigration and Naturalization, Department of Justice, District No. 16, Appellee.**

**No. 14604.**

United States Court of Appeals
Ninth Circuit.

Sept. 18, 1956.

Harry Wolpin, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Andrew J. Davis, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before POPE, FEE and CHAMBERS, Circuit Judges.

POPE, Circuit Judge.

This is an appeal from a decision dismissing appellant's action for relief by way of injunction and declaratory judgment against an order of deportation issued by appellee District Director. The plaintiff, an alien admitted to the United States for permanent residence in 1910, was ordered deported on the ground that he "became a voluntary member of the Communist Party of the United States at Los Angeles, California in about Au-

gust 1938 and remained a member through December 1938."[1]

The proceedings against plaintiff were initiated by a warrant for his arrest, issued by the defendant District Director on June 8, 1953. His hearing was before a Special Inquiry Officer of the Immigration and Naturalization Service,[2] who made the order for deportation. He appealed to the Board of Immigration Appeals which considered the appeal and dismissed it.

The complaint in the court below challenged the order on the ground that the procedure prescribed and followed here for determination of plaintiff's deportability denied him due process of law in that it commingles in one person, the Special Inquiry Officer, both prosecuting and adjudicative functions. While it appears to have been otherwise below, it is not argued here that this procedure was subject to the provisions of § 5(c) of the Administrative Procedure Act,[3] but it is argued that anything less than those standards is wanting in due process.[4]

The procedural provisions under which appellant's hearing was held are set forth and analyzed at considerable length in Marcello v. Bonds, 349 U.S. 302, 307–310, 75 S.Ct. 757, 99 L.Ed. 1107. As pointed out in that case, 349 U.S. at page 306, 75 S.Ct. at page 759: "An alternative method is permitted by § 242(b), however, under which an additional immigration officer presents the evidence while the special inquiry officer presides." This was the procedure followed here. A separate "Examining Officer" presented the evidence, so that the Special Inquiry Officer did no more than preside, rule upon motions and objections, and render a decision. The holding of Marcello v. Bonds, supra, that such procedure was not violative of due process is determinative of that question here.

It follows therefore that the trial court properly held that the appellant's complaint failed to state a claim upon which relief could be granted and the motion to dismiss the complaint was properly sustained. As there was no application for leave to file an amended complaint,[5] the court was not in error in thereafter dismissing the action. The judgment is affirmed.

1. § 241(a) (6) of the Immigration and Nationality Act, 1952, Title 8 U.S.C.A. § 1251(a) (6): "Any alien * * * shall, upon the order of the Attorney General, be deported who * * * (6) is or at any time has been, after entry, a member of any of the following classes of aliens: * * * (C) Aliens who are members of or affiliated with (i) the Communist Party of the United States".

2. § 242(b) of the Act, Title 8 U.S.C.A. § 1252(b), provides in part: "A special inquiry officer shall conduct proceedings under this section to determine the deportability of any alien, and shall administer oaths, present and receive evidence, interrogate, examine, and cross-examine the alien or witnesses, and, as authorized by the Attorney General, shall make determinations, including orders of deportation."

3. Title 5 U.S.C.A. § 1004(c): "* * * No officer, employee, or agent engaged in the performance of * * * prosecuting functions for any agency in any case shall * * * participate or advise in the decision * * *."

4. Appellant relies generally upon Kwong Hai Chew v. Colding, 344 U.S. 590, 598, 73 S.Ct. 472, 478, 97 L.Ed. 576: "[N]ot even Congress may expel him without allowing him a fair opportunity to be heard." Perhaps more precisely to the point is In Re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942.

5. The complaint was based solely upon the claim of denial of due process. There was no attempt to obtain a judicial review under Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009 in the manner described in Shaughnessy v. Pedreiro, 349 U.S. 48, at page 52, 75 S.Ct. 591, 99 L.Ed. 868. The motion to dismiss was sustained September 23, 1954, and the judgment dismissing the action was entered October 10 following.